

NUMBER 13-14-00017-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CARLOS MACIAS,                                                                 Appellant,

v.

JULIAN GOMEZ ET.AL.,                                                          Appellees.

## On appeal from the County Court at Law No. 8
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Chief Justice Valdez**

Appellant, Carlos Macias, appeals the trial court's summary judgment in favor of

appellees, Julian Gomez and the Gomez Law Firm PLLC (collectively, "Gomez"). By

three issues, Macias contends the trial court erred in granting the summary judgment

because: (1) there were genuine issues of material fact; (2) defendants did not meet their burden of proof; and (3) Macias did not waive his claim. By his fourth issue, Macias contends that appellees did not get a ruling on their objection to his affidavit, and even if the trial court sustained the objections, "the [sham] doctrine did not preclude Macias's testimony or negate the remaining evidence."[1] We affirm.

## I. BACKGROUND

According to Macias, he hired Gomez to represent him in a separate court proceeding involving a business he co-owed with others not involved in this dispute, Border Furniture, LLC Inc., (the "Border Furniture Suit"). The Border Furniture Suit was resolved by settlement and was dismissed. As payment to Gomez for attorney's fees in the Border Furniture Suit, Macias assigned a one-percent interest in Border Furniture to Julian C. Gomez and Kerri S. Gomez Children's Trust.

According to Gomez, after Macias made the assignment in Border Furniture, Gomez learned that Macias may have engaged in conduct that negatively affected the other owners of Border Furniture. Gomez then withdrew from the representation of Macias, and Macias authored and signed a waiver of a conflict of interest (the "waiver"). The waiver stated, in pertinent part:

> As per our discussion, I have been explained by your firm that you will continue with your representation of [my fellow Border Furniture business owners] in this matter and I have agreed to waive any conflict of interest that may exist with you and your firm in the matter including but not limited to any conflict that might arise if you or your clients file suit against me or any of my entities.[2]

---

[1] We have reorganized and renumbered Macias's issues for purposes of our analysis.

[2] Neither party has explained what was meant by the term "in this matter" in the waiver.

2

According to the parties, after Macias signed the waiver, the Trust sued Macias alleging claims of breach of contract, fraud, and breach of fiduciary duty in relation to Border Furniture in a separate cause of action. Macias then sued Gomez in this cause claiming that Gomez breached a fiduciary duty. Gomez moved for traditional and no evidence summary judgment, which the trial court granted, without specifying the grounds. This appeal followed.

## III. BREACH OF FIDUCIARY DUTY[3]

By his first issue, Macias contends that the trial court erred in granting Gomez's motion for summary judgment because there is evidence that Gomez obtained the "conflict of interest waiver . . . in Macias's business without full, open, and candid disclosure." We construe this argument as a claim that he produced evidence that Gomez breached a fiduciary duty by failing to acquire the waiver *prior to representing him* in the Border Furniture Suit because Gomez had a conflict of interest.[4] Macias also claims that Gomez acquired the waiver under a false pretense.

### A. Acquisition of the Waiver Prior to Representation

---

[3] We will address Macias's first and third issues together as he argues in both that he provided more than a scintilla of evidence raising an issue of material fact regarding the challenged elements of his breach of fiduciary duty claim.

[4] This is the extent of Macias's argument. Although Macias generally cites his affidavit as supporting his claim that fact issues exist, he does not specifically cite the evidence that raised a fact issue, which leaves us guessing what portions of the affidavit allegedly support his argument. *See* TEX. R. APP. P. 38.1(i).

Moreover, although Macias also argues that Gomez obtained the assignment without full, open, and candid disclosure, he has not explained why we should reverse the summary judgment on his claim of breach of fiduciary duty because the assignment of Macias's business was obtained without full, open, and candid disclosure. *See* TEX. R. APP. P. 38.1(i). Thus, we will not address this assertion.

3

In the motion for summary judgment, Gomez claimed that there was no evidence of a breach.[5]  *See* TEX. R. CIV. P. 166a(i); *Timpte Inds., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009).  Macias therefore had the burden to bring forth more than a scintilla of evidence raising a question of material fact regarding the alleged breach.  *See* TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

Macias claimed in his petition that Gomez breached a fiduciary duty because Gomez had a conflict of interest and failed to secure the waiver *prior to* representing Macias in the Border Furniture Suit.[6]  As we understand his argument, Macias claims that if Gomez knew *prior to* representing him that a conflict of interest existed, then he breached his fiduciary duty by representing Macias without disclosing the conflict or obtaining the waiver.  Thus, in order to defeat the motion for summary judgment, Macias must have provided evidence supporting his claim that Gomez knew of the conflict of interest prior to representing him.

Macias provided no evidence that Gomez knew prior to representing him in the Border Furniture Suit that a conflict of interest existed.  Therefore, we conclude that no fact issue existed regarding Macias's claim that Gomez knew *prior to* representing him that a conflict of interest existed.[7]  *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742,

---

[5] The elements of a breach of fiduciary duty are (1) the existence of a fiduciary relationship; (2) a breach of a fiduciary duty; and (3) an injury to the plaintiff or benefit to the defendant as a result of the breach. *See Heritage Gulf Props., Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 650 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

[6] Specifically, Macias stated, "Defendant Julian Gomez represented Carlos Macias and his own father in [another cause], which involved litigation against other parties.  Julian Gomez was in fact in a conflict of interest and did not secure, *prior to the representation* [of Macias], a conflict of interest waiver." (Emphasis in original).

[7] In his affidavit, Macias claimed that Gomez knew of the conflict when Macias signed the waiver, which Macias stated occurred about one year after Gomez represented him in the Border Furniture Suit. This evidence supports the trial court's implied finding that Julian learned of the conflict of interest after he

751 (Tex. 2003) (explaining that a no-evidence summary judgment is properly granted if the respondent does not bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact). Accordingly, the trial court properly granted Gomez's motion for summary judgment.[8]

## B. False Pretense

Next, Macias claims that he produced evidence that Gomez breached a fiduciary duty because Gomez acquired the waiver under a false pretense. Specifically, Macias claims that Gomez told him, prior to signing the waiver, that he would not sue him or represent anyone in a suit against him. However, we agree with Gomez that "the clear purpose of the waiver, apparent on the face of the waiver, is to waive an existing or future conflict of interest in the event of a future suit against Macias" by Gomez. Specifically, the waiver states, that Macias "agreed to waive any conflict of interest that may exist with [Gomez] in the [Border Furniture] matter *including but not limited to any conflict that might arise if [Gomez] or [Gomez's] clients file suit against [Macias]* or any of [his] entities." (Emphasis added.) Even assuming that Gomez knew that he would represent parties adverse to Macias and sue Macias in a separate proceeding, on appeal, Macias does not cite any authority supporting his argument, and we find none, and he does not explain how Gomez breached a fiduciary duty when Macias signed the waiver. Thus, we are not

represented Macias in the Border Furniture Suit.

[8] Moreover, in his summary judgment evidence, Julian attested that when he undertook the representation of Macias, he did not believe and "had no reason to believe that the representation presented a conflict of interest." Macias did not bring forth any contrary evidence, and the trial court also granted Gomez's motion for traditional summary judgment, wherein it argued that the evidence conclusively established that Julian did not know of any conflict of interest prior to representing Macias. Thus, the trial court properly granted Gomez's motion for traditional summary judgment on that basis.

5

able to reverse the summary judgment on the basis of Macias's "false pretense" argument.[9] We overrule Macias's first issue.

## IV. APPELLEES FAILED TO ESTABLISH ELEMENTS OF UNFAIRNESS

By his second issue, Macias contends that Gomez was required to prove the following: (1) the questioned transaction was made in good faith, (2) for fair consideration, and (3) after a full and complete disclosure of all material information to the principal. Macias does not explain under what theory Gomez was required to prove the above elements.[10] Macias further states that Julian's affidavit "says nothing about any disclosure of facts surrounding the conflict of interest waiver."

We conclude that this issue is inadequately briefed because Macias has not provided any argument with citation to appropriate authorities explaining why Gomez had such a burden.[11] *See* TEX. R. APP. P. 38.1(i). Therefore, we cannot conclude that Gomez had the burden to establish the above-listed elements.[12] We overrule Macias's second issue.[13]

---

[9] Gomez presented evidence that Macias authored the waiver himself.

[10] Although Macias cites case law in this issue, this case law does not address why Gomez had the burden to prove these elements. However, the case law cited requires a finding of self-dealing. Thus, it appears that Macias may be arguing that Gomez engaged in self-dealing when he acquired the one-percent interest in Border Furniture as part of the fee agreement and should have informed him that he intended to sue Macias. However, Macias does not mention self-dealing in his brief.

[11] We note that Macias did not allege self-dealing in his petition or in his response to Gomez's motion for summary judgment.

[12] Moreover, regarding the fee agreement, in reply to Macias's response to the motion for summary judgment, Gomez argued that the fee agreement was not a prohibited act as argued by Macias and that Macias had cited no authority supporting such a conclusion. Thus, the trial court may have granted summary judgment after concluding that the fee agreement was not a prohibited act. On appeal, Macias has not addressed this basis for the trial court's granting summary judgment.

[13] Having found that the trial court properly granted Gomez's motion for summary judgment, we need not address Macias's fourth issue arguing that he did not waive his breach of fiduciary claim by signing the waiver. *See* TEX. R. APP. P. 47.4.

Also, by his fifth issue, Macias contends that the trial court did not rule on Gomez's objections to

**V. Conclusion**

We affirm.

/s/ Rogelio Valdez
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
29th day of December, 2015.

---

his affidavit as a sham. We need not address this issue as it is not dispositive of this appeal, and we have considered the affidavit for purposes of our analysis. *See id.*